UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID O. COOPER,                  Case No. 1:11-cv-22
    Plaintiff                          Weber, J.

   vs

DONALD MORGAN, et al.,           **REPORT AND**
    Defendants                    **RECOMMENDATION**

      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action against various SOCF officials.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion thereof, should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, __ F.3d __, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, __ F.3d __, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, alleges a claim of deliberate indifference to safety in violation of the Eighth Amendment by defendants Christopher Oliver, Kevin Copas, Mr. Ruggles, Jimmy L. Gatts, and Michael A. Moore. Plaintiff alleges that defendants ignored his complaints about a faulty electrical outlet in his cell, which ultimately malfunctioned and burned plaintiff's hand. At this juncture, the Court concludes that plaintiff's Eighth Amendment claim should be permitted to proceed against these defendants. *See* 28 U.S.C. § 1915(e)(2)(B).

Next, plaintiff alleges that defendant Jermmy (sic) Jenkins and a Mr. Ruckle took him to the infirmary after he burned his hand. At the infirmary, defendant Moore verbally threatened plaintiff with placement in segregation if plaintiff got near the electrical outlet again. Defendant Jenkins then consulted with Nurse Tom, gave plaintiff an ice pass, and advised plaintiff to wash his hands regularly to avoid an infection.

To the extent plaintiff complains about a verbal threat by defendant Moore, the complaint fails to state a claim for relief under section 1983 because allegations of verbal harassment, threats, or verbal abuse, without more, do not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). In addition, the Court can discern no action on the part of defendant Jenkins rising to the level of a constitutional violation. Plaintiff's claims against these defendants should be dismissed.

3

Plaintiff next alleges that after he filed a grievance complaining about the incident with the defective electrical outlet, defendants Jimmy Gatts and Christopher Oliver issued plaintiff false conduct reports, conducted unwarranted cell searches, and denied plaintiff the use of the telephone in retaliation for his grievance. At this juncture, plaintiff's retaliation claim against defendants Gatts and Oliver is deserving of further development and should be permitted to proceed. *See Hill v. Lappin*, __ F.3d __, 2010 WL 5288892 (6th Cir. Dec. 28, 2010).

Next, plaintiff alleges that a dispute between correctional officers Copas, Chin, and Gatts was "being taken out on [the] inmates" and resulted in plaintiff's placement in segregation. Plaintiff then drafted an affidavit/petition that he and fifteen of his fellow inmates signed to complain about the officers' actions. Plaintiff attempted to send the affidavit/petition to the Ohio General Assembly, but his letter was returned after being opened by the mailroom. Plaintiff then sent the affidavit/petition to his mother to mail to government officials on his behalf. Plaintiff also filed a grievance about his action. He was then placed in segregation for allegedly yelling his cell number too loud and asking for the phone. While in segregation, defendants Donald Morgan and Mick Oppy, and a Major Warren allegedly threatened plaintiff with revocation of his visiting privileges and filing false state law and/or disciplinary charges against him for writing to government officials.

Plaintiff's retaliation claim against defendants Morgan and Oppy should be permitted to proceed. *See Hill v. Lappin*, __ F.3d __, 2010 WL 5288892 (6th Cir. Dec. 28, 2010). However, the Court can discern no constitutionally actionable conduct on the part of defendants Copas, Chin, and Gatts, who were merely the impetus for plaintiff's affidavit/petition.

Next, plaintiff alleges that defendant Copas and Chin placed him in a cold cell for 45 minutes while plaintiff was handcuffed and shackled. When defendant Chin removed plaintiff's restraints, Chin allegedly dumped plaintiff's laundry on the dirty floor of plaintiff's cell. While such actions, if true, are unprofessional and no cause for commendation, they do not rise to the level of an Eighth Amendment violation because plaintiff has alleged no facts showing a serious deprivation of basic human needs such as food, medical care, or sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981).

Plaintiff alleges that defendant William Cool was in charge of the investigation into the affidavit/petition signed by plaintiff and the other inmates. Plaintiff states that defendant Cool only interviewed the "timid" inmates and not the assertive prisoners who signed the affidavit/petition. Plaintiff alleges the investigation was handled in a way that disregarded his physical and mental well-being. A prison official's alleged failure to adequately investigate claims of misconduct of others does not rise to the level of "encouragement" that would make the official liable for such misconduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, the complaint against defendant Cool should be dismissed.

Finally, plaintiff alleges that defendant Linnea Mahlman lied and covered-up plaintiff's complaints and failed to take corrective action. Plaintiff's allegations are conclusory and the Court can discern no constitutional violation on the part of defendant Mahlman. To the extent plaintiff complains defendant Mahlman failed to properly respond to his complaints, plaintiff's complaint fails to state a claim for relief for a denial of due process because plaintiff has no constitutional right to an effective grievance procedure. *See Walker v. Michigan Dept. of*

5

*Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005). The complaint against defendant Mahlman should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Eighth Amendment deliberate indifference to safety claim against defendants Christopher Oliver, Kevin Copas, Mr. Ruggles, Jimmy L. Gatts, and Michael A. Moore; retaliation claim against defendants Jimmy Gatts and Christopher Oliver; and retaliation claim against defendants Morgan and Oppy be permitted to proceed.

2. Plaintiff's remaining claims against all other defendants be dismissed.


Date: 2/18/2011               s/Karen L. Litkovitz
                              Karen L. Litkovitz, Magistrate Judge
                              United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID O. COOPER,  Case No. 1:11-cv-22
    Plaintiff  Weber, J.

vs

DONALD MORGAN, et al.,
    Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).