# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID O. COOPER,                                    Case No. 1:11-cv-22

    Plaintiff,                                 Weber, J.
                                                 Bowman, M.J.

v.

DONALD R. MORGAN, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Proceeding *pro se*, on January 10, 2011, Plaintiff filed a complaint while incarcerated at the Southern Ohio Correctional Facility ("SOCF") asserting multiple claims against twelve prison employees and officials. (Doc. 1). Because Plaintiff failed to pay the requisite filing fee and did not file a motion for leave to proceed without prepayment of fees, the Court entered a Deficiency Order on January 12, 2011, directing Plaintiff to either pay the filing fee or to file a motion for leave to proceed *in forma pauperis*. (Doc. 2). The same order instructed Plaintiff to submit to the Clerk of Court a copy of his complaint, a summons form, and a United States Marshal form for each of the twelve defendants. Plaintiff complied with the Deficiency Order on February 9, 2011 by moving to proceed *in forma pauperis*, and by submitting copies of his complaint and a summons for each defendant, together with U.S. Marshal forms. (Docs. 7, 8).

Plaintiff's motion for leave to proceed *in forma pauperis* was granted on February 18, 2011 (Doc. 10). On the same date, the Court filed a Report and Recommendation

("R&R") that recommended the dismissal of all claims against all defendants, with the exception of Plaintiff's Eighth Amendment deliberate indifference to safety claim against five defendants, and Plaintiff's retaliation claim against four defendants. (Doc. 11).

Although Rule 4(m) requires service to be effected within 120 days of the date a complaint is filed, that time period has now elapsed without apparent service upon any Defendant. Ordinarily, when a plaintiff proceeds *in forma pauperis,* the United States Marshal is directed to effect service as specified by the plaintiff. However, it is unclear from the present record whether the summons and USM forms previously completed by the Plaintiff were forwarded to the Marshal for service. Therefore, although a court "must dismiss...without prejudice" if a complaint is not served within the time period specified by Rule 4(m) absent a showing of "good cause," the Court declines to recommend dismissal for failure of service based on the ambiguous record presented in this case.

Nevertheless, the record reflects a separate and independent reason to recommend dismissal with prejudice based upon Plaintiff's failure to prosecute his claims. The R&R previously filed by Magistrate Judge Litkovitz was served on Plaintiff on February 25, 2011. (Doc. 11). Plaintiff filed no objections to the recommended partial dismissal of his case, and the R&R was adopted by the presiding district judge on March 21, 2011. The Court attempted to serve Plaintiff with a copy of the March Order via certified mail, but the Order was returned as "refused/unable to forward" with a notation that Plaintiff had been "released" from imprisonment on the same date he was previously served with the R&R, February 25, 2011. (Doc. 14).

The prison address used by this Court is the only address that Plaintiff has ever provided since initiating this litigation more than nine months ago. It is incumbent upon

any litigant, including a *pro se* litigant, to keep the Court apprised of his or her current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of *pro se* plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608-609 (6th Cir. 1992)(dismissal upheld in part due to counsel's failure to advise court of change of address).

Accordingly, **IT IS RECOMMENDED HEREIN THAT:**

1. Plaintiff's complaint be dismissed with prejudice for failure to prosecute, based

upon his failure to keep the Court apprised of his current address; and that

    2. This case be dismissed from the active docket.

                                            *s/ Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID O. COOPER,

    Plaintiff,

v.

DONALD R. MORGAN, et al.,

    Defendants.

Case No. 1:11-cv-22

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).